# CASES DETERMINED

## · IN THE

# ST. LOUIS COURT OF APPEALS,

## OCTOBER TERM, 1883.

---

IN RE CAROLINE C. NITSCHE.

October 5, 1883.

1. NOTARY PUBLIC — WITNESSES — DEPOSITION — CONTEMPT. — A commitment of a witness for a refusal to testify, issued by a notary public who has no power to take the testimony, is void.

2. —— JURISDICTION. — A notary public has no power to take depositions in a proceeding pending in another State until he has received a *dedimus* from such other State.

3. —— Parties to the suit can not by consent confer such jurisdiction.

APPLICATION for writ of *habeas corpus.*
*Prisoner discharged.*

LEWIS, P. J., in chambers, delivered the opinion.

Revised Statutes, section 2150, provides : " Every person, judge, or other officer of the state required to take the depositions or examination of witnesses in pursuance of this chapter, or by virtue of any commission issuing out of any court of record in this or any other government, shall have power to issue subpœnas for witnesses to appear and testify, and to compel their attendance, in the same manner and under like penalties as any court of record of this state. Any person summoned as a witness in virtue of the

(213)

provisions of this chapter, and attending, who shall refuse to give evidence which may be lawfully required to be given by him, on oath or affirmation, may be committed to prison by the officer or person authorized to take his deposition, or testimony,'' etc.

This is the only provision in the laws of Missouri whereby a witness may be compelled to give his testimony for a cause pending in another state. The statutes which authorize the taking of depositions without a commission, do not apply to such causes.

It appears that the cause for which the testimony of the prisoner was required by the plaintiff therein, is pending in the superior court of Cook County, in the state of Illinois. On September 27, 1883, a commission, or *dedimus potestatem*, in customary form, was issued by the clerk of that court and directed to the notary in St. Louis, under whose commitment the prisoner is held. It was agreed by counsel for the parties to the suit that the taking of depositions should be begun at 2 o'clock P. M. of the same day. The witness — the present petitioner—was subpœnaed, but failed to appear. She was brought by attachment before the notary on the the 28th, and thereupon refused to be sworn, or to give her testimony. The notary, on the same day, issued the commitment, by virtue whereof the petitioner was arrested, and is now held in custody by the sheriff. It further appears, that when the commitment was issued, the notary and the counsel in St. Louis had been informed, through a telegraphic dispatch, of the issuing of the *dedimus*, and of its being forwarded by mail. But the paper had not been received by the notary, and did not, in fact, reach him until on the 29th day of September, one day after the commitment and arrest.

In such a state of facts, the notary had no shadow of authority to detain the petitioner, or to compel her to testify. The parties to the cause could not, by agreement between themselves, dispose of the petitioner's personal

liberty, or confer upon the officer a jurisdiction so to do, without any warrant of law. The notary could have no power in the premises, except such as might be conferred upon him by the commission, and the commission could confer nothing until it reached the officer in whom it was to vitalize the power.

In a free government every presumption must be against a power to detain the person of the citizen. The notary had no right to assume that the telegram was true; or that the commission was in due form; or that it bore the seal of a court of record; or that it would not be lost on the way, or would ever reach him at all. To suppose that he might lawfully anticipate all or any of these things, is as unreasonable as it would be to say that an appointive officer, of any sort, may properly exercise all the powers and functions of his supposed office before receiving the appointment or commission, because he expects to get one at some future day. There is here no analogy with the case, as suggested by counsel, of a judgment, injunction, or order of court, whereof notice is imparted by the entry of record; so that parties must refrain from violating its terms, without waiting for legal service. There, a party is held to the knowledge of an existing fact, which it is his duty to know. Here, the law simply forbids an officer to assume the existence of a fact, until the proper evidence thereof appears before him. Any reasoning in support of the notary's act, in this instance, would answer quite as well for a sheriff who, upon information that a sentence of death had been pronounced, should proceed to hang the criminal without a warrant of execution. I am of the opinion that the commitment in this case was void, and that the petitioner must be discharged from custody.